13-5916.141-JCD                                                  May 13, 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JORGE RODRIGUEZ and ERIC JONATHAN CALA LINARES, on behalf of themselves and all other similarly-situated employees, known and unknown, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13 C 5916 |
| QUIROGA CORP. d/b/a Quiroga's Detail Hand Wash, an Illinois corporation, ROCKY QUIROGA, individually, MARIETTA QUIROGA, individually, and RICARDO IBARRA, individually, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss Count III of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

## BACKGROUND

This is an action for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count I); the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. (Count II); and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq. (Count III). Plaintiffs, Jorge Rodriguez and Eric Jonathan Cala Linares, allege that they performed car-washing and detailing work for defendants Quiroga Corp., Rocky

Quiroga, Marietta Quiroga, and Ricardo Ibarra. Plaintiffs allege that the defendants failed to pay them overtime compensation and minimum wage, engaged in "time-shaving" by shorting them an average of about seven hours every other pay period, improperly applied a "tip credit" while retaining a portion of the pooled cash tips from customers, failed to accurately record the number of hours worked by plaintiffs each week, and failed to provide the plaintiffs with pay stubs that accurately listed their pay rates and the number of hours they worked in each pay period.

Defendants move to dismiss Count III of the complaint, the IWPCA claim.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 556 (2007)). Although we must accept as true all factual allegations in the complaint, we need

not accept as true its legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The IWPCA requires employers, "at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3. "Wages" are "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. The "contract or agreement" defines the employee's wages and benefits, not the IWPCA. See Nat'l Metalcrafters v. McNeil, 784 F.2d 817, 824 (7th Cir. 1986) (observing in a different context that the IWPCA requires the employer only to "honor his contract"); see also Byung Moo Soh v. Target Mktg. Sys., Inc., 817 N.E.2d 1105, 1108 (Ill. App. Ct. 2004) (IWPCA claims are "akin to breach of contract actions"). Under the IWPCA, an "agreement" is "broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract." Zabinsky v. Gelber Grp., Inc., 807 N.E.2d 666, 671 (Ill. App. Ct. 2004). Moreover, "employers and employees can manifest their assent to conditions of employment by conduct alone." Landers-Scelfo v. Corporate Office Sys., Inc., 827

N.E.2d 1051, 1059 (Ill. App. Ct. 2005) ("[A]n employer and an employee, by acting in a manner consistent with an employment agreement, can set the material terms of the agreement, including the amount of compensation and the identity of the employer.").

In Count III of the complaint, plaintiffs allege that defendants violated the IWPCA by failing to pay them overtime, minimum wages, and regular wages (in the form of "gap pay") and by engaging in time-shaving. (Compl. ¶ 91.) Defendants assert that plaintiffs have failed to sufficiently allege an "agreement" between them and defendants that entitled them to the compensation sought in Count III. Defendants cite decisions from this district that dismissed IWPCA claims where the claim merely repackaged already-pleaded FLSA and IMWL claims without identifying an agreement that could support a separate IWPCA claim. (Defs.' Mem. in Supp. of Mot. at 6 (citing, inter alia, Brand v. Comcast Corp., No. 12 CV 1122, 2013 WL 1499008, at *8 (N.D. Ill. Apr. 11, 2013) and Mathias v. Addison Fire Prot. Dist. No. 1, 43 F. Supp. 2d 916, 926 (N.D. Ill. 1999)).

The complaint alleges in paragraph 90 that "there existed an agreement between the Plaintiffs and the Defendants, as well as between the Collective Class members and the Defendants, that the Defendants would comply in all respects with pertinent state and federal wage and hours laws." No details about the alleged agreement are provided in Count III. Plaintiffs contend in their

response that this allegation is merely "surplusage" and that other facts they have alleged, "in particular a demonstrable formula for compensation in return for labor," "easily allow one to infer the existence of" an implied employment agreement. (Pls.' Resp. at 2.) Plaintiffs cite the following paragraphs of the complaint:

> 9.  The Plaintiffs and the Collective Class members performed labor for the Defendants at their car washes--for example, the Plaintiffs washed, dried, waxed, vacuumed and detailed cars for the Defendants' customers.
>
> 10. The Defendants paid the Plaintiffs in cash, rather than by payroll check.
>
> 11. The Defendants paid the Plaintiffs at their straight rates of $5.50 per hour, even for the numerous overtime (in excess of 40 in any given week) hours that the Plaintiffs worked.
> . . .
> [47-49.]  At all times relevant to this action [defendants] had/ha[ve] the power to: a) hire and fire QUIROGA CORP.'s employees, including the Plaintiff and the Collective Class members; b) set the work schedules of QUIROGA CORP.'s employees . . . ; c) direct the work of QUIROGA CORP.'s employees . . . and d) set the pay rates of QUIROGA CORP.'s employees . . . .
> . . .
> **Count III**
> **(IWPCA claim)**
> 89. The Plaintiffs hereby re-allege[] the foregoing allegations.

(Compl. ¶¶ 9-11, 47-49, 89.)

"[T]he inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term." Jaramillo v. Garda, Inc., No. 12 C 662, 2012 WL 1378667, at *2 (N.D. Ill. Apr. 20, 2012) (concluding that plaintiffs had not adequately pleaded an agreement upon which

to base an IWPCA claim); see also Brown v. Lululemon Athletica, Inc., No. 10 C 5672, 2011 WL 741254, at *3 (N.D. Ill. Feb. 24, 2011) (same).  At most, plaintiffs have alleged that they had an agreement with the defendants, implied by conduct, that plaintiffs would be paid $5.50 per hour for their work.  They have not alleged any agreement to pay overtime or even minimum wages.  In their response, plaintiffs implicitly concede that they have not sufficiently alleged such an agreement.  They do assert that the alleged improperly-retained tips and time-shaving constitute violations of the IWPCA.  But, as defendants correctly point out, we do not ask simply whether these components of pay are recoverable under the statute; we also ask whether plaintiffs have alleged an implied agreement that would entitle them to this compensation.

Plaintiffs contend that the alleged improperly-retained tips constitute unpaid regular wages-"gap pay"--that can be recovered under the IWPCA but not under the FLSA or IMWL, and even if the tips do not constitute gap pay, they are still "compensation owed an employee by an employer," 820 ILCS 115/2, and thus recoverable. "Courts have used the term 'gap time' to refer to time that is not covered by the overtime provisions because it does not exceed the overtime limit and time that is not covered by the minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries

are averaged across their actual time worked." Ladegaard v. Hard Rock Concrete Cutters, Inc., No. 00 C 5755, 2004 WL 1882449, at *5 (N.D. Ill. Aug. 18, 2004) (some internal quotation marks omitted). We have difficulty making sense of plaintiffs' argument that the tips could be considered gap pay. Ultimately, though, the problem for plaintiffs is that they fail to allege an agreement that would entitle them to recover the portions of the tips that were allegedly kept by defendants. The only agreement that they allege is one implied in conduct to pay them according to a "demonstrable formula" of $5.50 per hour; they do not allege any implied agreement to distribute all of the tips to plaintiffs.

As for the time-shaving, plaintiffs have adequately alleged an agreement that they would be paid $5.50 for each hour they worked, so it would seem that they have stated an IWPCA claim for the hours "shaved" from their pay. But defendants argue that the time-shaving claim is not viable because it seeks *less* than what plaintiffs seek under the FLSA and IMWL, which require defendants to pay at least minimum wage--an amount that *exceeds* the $5.50 per hour under the alleged agreement. (Defs.' Reply at 4-5.) The IWPCA claim is not alleged in the alternative. It does appear that this claim is duplicative of the FLSA and IMWL claims and therefore subject to dismissal.

As a last-ditch effort, plaintiffs assert that because the IWPCA provides a cause of action for the "timely" payment of earned

wages, Count III is not coextensive with their FLSA and IMWL claims. They claim that they do not allege that the defendants violated the IWPCA by failing to pay any particular amount, but rather "by failing to pay a certain amount *on time*." (Pls.' Resp. at 12.) We cannot find anything in the complaint alleging that the plaintiffs were not paid within the time required by the statute. The statements in paragraph 91, such as "Defendants violated the IWPCA by failing to pay the Plaintiffs certain overtime . . . which are/were due and owing to them, either weekly, bi-weekly or semi-monthly" are not clear allegations of untimeliness, and there are no other facts alleged as to timeliness.

Accordingly, Count III will be dismissed without prejudice.

## **CONCLUSION**

The defendants' motion to dismiss Count III of the complaint [10] is granted. Count III is dismissed without prejudice. A status hearing is set for May 21, 2014 at 10:30 a.m.

DATE:     May 13, 2014

ENTER:    _____
          John F. Grady, United States District Judge